RECEIVED
IN LAKE CHARLES, LA.
OCT 17 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHAQUITHA R. NELSON | : | DOCKET NO. 2:11 CV 1377 |
| VS. | : | JUDGE MINALDI |
| LAKE CHARLES STEVEDORES, L.L.C., ET AL. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

This matter is before the court on the defendant, International Longshoreman's Association's ("ILA"), Motion to Dismiss (Rec. Doc. 28) for lack of jurisdiction and failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

The *pro se* plaintiff opposed the motion. The ILA filed a Reply. Nelson filed a "Reply to the Reply."

### FACTS

The plaintiff, Chaquitha Nelson ("Nelson") is a member of International Longshoremen's Association Local 2047. Nelson was employed by Lake Charles Stevedores, L.L.C. ("LC Stevedores") as a longshore worker in the port of Lake Charles, Louisiana.

On or about July 6, 2010, Nelson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") naming the "International Longshoremen's Association, 420 Church Street, Lake Charles, Louisiana, (337) 439-4886" as the opposing party. The case was assigned EEOC Charge number 461-2009-01.

Nelson, in her EEOC complaint, charged that she was sexually harassed and subjected to a

hostile work environment by Marvin Cole ("Cole"), the Walking Foreman. After reporting the harassment, she was denied two positions through her union. She also alleged that her co-workers and management began to treat her differently.

Nelson alleged that Cole would ask her "if I was wearing panties and what kind?" Cole would ask her if she was gay because he did not know her to be in a relationship. Cole allegedly told Nelson that "if I shake my butt the guys might help me move my bags" and Cole would allegedly "hit me with an object on my butt as I exited the hatch."

The EEOC sent a Notice of A Charge of Discrimination dated July 12, 2010, to the "International Longshoremen's Association, 420 Church Street, Lake Charles LA 70601."

Subsequently, in April 2011, the EEOC and counsel for ILA Local 2047 exchanged emails regarding this charge. The EEOC requested that Attorney Kenneth Wright ("Wright") enter an appearance for Local 2407, which he did. The next day, the EEOC advised Wright that Nelson had requested a right to sue letter.

The EEOC sent Nelson two right to sue letters. The first, dated April 19, 2011, was a Notice of Right to Sue ILA Local 2047, with copies sent to Wright and Attorney Karen George-Baunchand, attorney for the plaintiff. On April 26, 2011, the EEOC sent Nelson a Notice of Right to Sue her employer, Lake Charles Stevedores, represented by Attorney Hunter H. Lundy.

### RULE 12(B)(1) AND 12(B)(6) STANDARDS

A motion to dismiss for lack of standing is properly brought under Federal Rule of Civil Procedure 12(b)(1). *See e.g., Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof rests upon the party seeking jurisdiction. *Id.* A Rule 12(b)(1) motion should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his

claim that would entitle plaintiff to relief." *Id.*

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Id.* at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (finding consideration of insurance contracts unattached to the complaint permissible where they were attached to the motions to dismiss, referred to in the complaint, and central to the plaintiffs' claims); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice") (citing 5B Charles Alan Wright et al., Federal Practice and Procedure, § 1357 (3d ed. 2004 & Supp. 2007)); *Maloney Gaming Management, L.L.C. v. St. Tammany Parish* 456

Fed.Appx. 336, 340-341, 2011 WL 5903498, 3 (5th Cir. 2011); *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir.2003).

Law and Analysis

The ILA asserts that this court lacks subject matter jurisdiction over the plaintiff's Title VII claim against the ILA because Nelson failed to exhaust her administrative remedies.

Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party within 180 days of the alleged discrimination *and* receive statutory notice of the right to sue the respondent named in the charge. 42 U.S.C. s 2000e-5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *O'Neal v. Roadway Exp.*, 181 Fed.App'x. 417, 419, 2006 WL 1308083, 1 (5th Cir. 2006); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir.1990); *Nilsen v. City of Moss Point, Mississippi*, 621 F.2d 117 (5th Cir. 1980).

The ILA argues that Nelson failed to exhaust her administrative remedies because she did not name the ILA in her EEOC charges. Nelson named the ILA on Church Street in Lake Charles, Louisiana (which is Local 2047), not the ILA (New York). Pursuant to 29 C.F.R. § 1601.9, "[a] charge shall be in writing and shall be verified." Nelson's charges were written and verified. While 29 C.F.R. § 1601.12 suggests that the names of persons against whom the charge is made be included, it is not required. "[A] charge is sufficient when the Commission receives from the person making the charge a written statement *sufficiently precise to identify the parties*, and to describe generally the action or practices complained of." (Emphasis added). 29 C.F.R. § 1601.12(b). The

regulations require that a charge of discrimination contain "[t]he full name and address of the person against whom the charge is made, *if known.*" 29 C.F.R. § 1601.12(a)(3) (emphasis in the original). However, 29 C.F.R. § 1601.12(b) specifically deems a charge sufficient when a complainant provides a "written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." In her EEOC charge, Nelson names the Lake Charles Stevedores as her employer. She also states that she is a member of ILA, but she provides the address of "420 Church Street, Lake Charles, Louisiana," which is the address of Local 2047.

The charge stated:

> I began my employment with Lake Charles Stevedores in October 2008, most recently as a Longshoreman earning $17.60 per hour. On June 14, 2009, I was sexually harassed and subjected to a sexually hostile work environment by Marvin Cole, Walking Foreman. After reporting harassment, I was denied two positions thru [sic] the union and my co-workers and management began treating me differently. The Company employs over 100 persons.[1]

The only individual identified by name in Nelson's complaint is Marvin Cole, the Walking Foreman. Cole has never been an officer, agent or employee of the ILA. Daggett Aff. ¶ 11. As a matter of law, he is an agent of the employer. *See Ryan-Walsh Stevedoring Company, Inc.,* 323 NLRB 1115(1997); *West Gulf Maritime Association,* 257 NLRB 880 (1981*); ITO Corporation of Rhode Island,* 246 NLRB 810 (1979).

The EEOC sent notice of the complaint to the ILA at Church Street in Lake Charles, which is Local 2047. The Local participated in mediation. The Local's attorney corresponded with the EEOC and plaintiff's attorney. Right-to-Sue letters were sent to the attorney for the Stevedores and

---

[1] The specific alleged acts of harassment were described hereinabove.

to the attorney for Local 2047.

The plaintiff, now *pro se*,[2] responded by arguing that the ILA's Constitution explains that if any local's constitution and bylaws conflict with that of the ILA, the local provisions are voided. She also argues that the District, which is "over Local 2047" sends letters and correspondence on the ILA letterhead and the President of this District is the Vice President of the ILA. The business agent to Local 2047 typed her charge using the ILA letterhead. She asserts that Lash Chretien, who was the Local 2047 President was on the ILA payroll as an International Representative.[3]

The ILA argues that based "on the right-to-sue letter that the EEOC sent to the Baunchand Law Firm, as counsel for the Plaintiff, it is clear that the EEOC knew that the charge did not implicate the ILA." (Brief in Support, p. 10-11). The Right-to-sue letters (attached as Exhibits 4 &5 to the Brief in Support) do not clearly mention *any* parties. The fact that the EEOC sent the notice to the Lundy Firm, which was representing Local 2047, does not address in any way the existence or lack of legal relationship between the Local and the ILA.

The law is well-established, however, that an international union is a separate legal entity from the local union and therefore cannot be held directly or vicariously liable for the acts of its affiliates. Each and every allegation was directed toward Local 2047, the Stevedores, or a representative of the stevedores. . *Kassab v. Aetna Industries, Inc.*, No. 01-1452, 2002 WL 31870319, *4 (6th Cir. Dec.20, 2002); *Tomlison v. Kroger Co.*, 2006 WL 2850523,

---

[2] A pro se complaint must be held to less stringent standards than are formal pleadings drafted by lawyers, but it, too, must plead a factual matter that permits a court to infer more than the mere possibility of misconduct. *Levi v. International Broth. of Teamsters*, 842 F.Supp.2d 306 (D.D.C.,2012).

[3] Nelson attached documentation supporting all of these allegations.

3(S.D.Ohio,2006). The fact remains that Nelson did not, at any point in time, direct any portion of her complaint to te ILA at its New York address. Nelson's charge is not sufficiently precise to identify the ILA (New York) as a party.

Accordingly, in the absence of a Right-to-Sue letter authorizing the plaintiff to sue the ILA, specifically identified by the use of the New York address, this court lacks jurisdiction to proceed against the ILA pursuant to 42 U.S.C. § 2000e-5(e)(1).

Next, the ILA contests the breach of contract and breach of fair duty representation claim pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff alleges that the ILA violated a collective bargaining agreement. Allegations of this kind trigger jurisdiction pursuant to § 301 of the Labor Management Relations Act ("LMRA")(29 U.S.C. §185)(Amended Complaint ¶8.3A). In relevant part, §301 states:

> (a) Suits for violations of contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without regard to the citizenship of the parties.

To maintain an action under this provision, Nelson must allege that the ILA breached a provision in the collective bargaining agreement. *United Steelworkers AFL-CIO v. Rawson,* 495 U.S. 362, 373-75 (1990). In the case at bar, neither Nelson nor the ILA is a party to the collective bargaining agreement. ILA Exh. 1.

A number of circuits have addressed this issue with differing results. The Third and Eleventh Circuits, and arguably the Eighth Circuit, have found that subject-matter jurisdiction under § 301[4]

---

[4] Nelson's Amended Complaint does not allege jurisdiction pursuant to Sec. 301 of LMRA.

is appropriate even when the parties are not signatories to the contract. *See Hillard v. Dobelman*, 774 F.2d 886 (8th Cir.1985); *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. v. Georgia Power Co.*, 684 F.2d 721 (11th Cir.1982); *Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre, Local 120*, 647 F.2d 372, 379-81 (3d Cir.1981), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982). However, the majority of circuits to address the issue, including the Fifth Circuit, have concluded that subject-matter jurisdiction is inappropriate. *See Service, Hosp., Nursing Home & Pub. Employees Union Local No. 47 v. Commercial Property Servs., Inc.*, 755 F.2d 499 (6th Cir.), *cert. denied*, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985); *United Food and Commercial Workers Union, Local No. 1564 v. Quality Plus Stores, Inc.* 961 F.2d 904, 905-906 (10th Cir. 1992); *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489 (5th Cir.1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983); *Loss v. Blankenship*, 673 F.2d 942 (7th Cir.1982); *Bowers v. Ulpiano Casal, Inc.*, 393 F.2d 421 (1st Cir.1968); *Aacon Contracting Co. v. Association of Catholic Trade Unionists*, 276 F.2d 958 (2d Cir.1960).

"§ 301 [of the LMRA] provides a cause of action for breach of a bargaining agreement," but a "suit may be brought only against the parties to the contract." *Sine v. Local No. 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir.1984). Although a union constitution is an enforceable contract, *see Shea v. McCarthy*, 953 F.2d 29, 30 (2d Cir.1992), missing from plaintiff's complaint is any allegation that the ILA Local 2047 union constitution requires the ILA to provide her representation. Nor does the plaintiff allege that the ILA's exercise of control over its local affiliates requires the ILA to represent an individual member during arbitration.

The local union is "the exclusive bargaining agent responsible for representing employees

8

in the prosecution of grievances." *Id.* Absent a showing that the ILA owed the plaintiff a duty of fair representation, the plaintiff's breach of contract claim fails. *See Levi v. International Broth. of Teamsters,* 842 F.Supp.2d 306, 309 -310 (D.D.C.,2012); *Baker v. Newspaper and Graphic Comm'cns Union, Local 6,* 628 F.2d 156, 166 (D.C.Cir.1980) (rejecting a "claim that the International violated its duty of fair representation" where it "was neither the bargaining representative nor a party to the collective bargaining agreement"); *Devore v. Rolls–Royce Energy Sys., Inc.,* 373 F.Supp.2d 750, 768 (S.D.Ohio 2005) ("The Court finds that because IAM International is not a signatory to the [collective bargaining agreement] and Plaintiff has not rebutted the Union Defendants' assertion that IAM International did not participate in the processing of Plaintiff's grievance, IAM International did not owe a duty of fair representation to Plaintiff."); *Grant v. Burlington Indus.,* 627 F.Supp. 311, 313 (N.D.Ill.1985) (concluding that claim for breach of duty of fair representation can be stated only against the local union which was the "only bargaining representative for the job dispute"); *Larry v. Penn Truck Aids, Inc.,* 94 F.R.D. 708, 722 (E.D.Pa.1982) (dismissing claim of breach of duty of fair representation brought against IBT because it was not a party to the collective bargaining agreement and therefore owed no duty of fair representation).

Accordingly, the ILA's Motion to Dismiss pursuant to Rule 12(b)(6) will be granted and the plaintiff's breach of contract and breach of fair duty representation claims against the ILA will be dismissed.

The ILA seeks sanctions against the plaintiff for her inference that she is proceeding *pro se*, when allegedly, she is operating with the aid of an attorney. This motion will be denied. The plaintiff is cautioned, however, that she may not hold herself forth as being *pro se* if she does have

the aid of counsel without exposing herself to future sanctions. The court also advises that any counsel who "ghost-writes" pleadings is treading on dangerously thin ice. **The Court warns any attorney providing ghostwriting assistance that it constitutes unethical conduct.** *Davis v. Back,* No. 3:09–cv–557, 2010 WL 1779982, at *13 (E.D.Va. Apr. 29, 2010); *see also Anderson v. Duke Energy Corp.,* No. 3:06–cv–399, 2007 WL 4284904, at *1 n. 1 (W.D.N.C. Dec. 4, 2007) (Reidinger, J.). This matter is subject to further inquiry if the Court deems it appropriate as the case proceeds.

## CONCLUSION

The ILA's Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction will be granted.

The ILA's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim under the collective bargaining agreement will be granted.

Sanctions will be denied.

Lake Charles, Louisiana, this 16 day of October, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE